UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**A&W X-PRESS, INC.**,
a Michigan corporation,

       Plaintiff,

vs.

**FCA US, LLC,**
a foreign limited liability company,

       Defendant.

Case No. 21-cv-12209

Hon. George Caram Steeh

| | |
|---|---|
| Ryan Lee Perry (P55545)<br>Geoffrey S. Wagner (P70839)<br>GIARMARCO, MULLINS & HORTON, P.C.<br>Attorneys for Plaintiff<br>Tenth Floor Columbia Center<br>101 W. Big Beaver Rd.<br>Troy, MI 48084-5280<br>(248) 457-7000<br>rperry@gmhlaw.com<br>gwagner@gmhlaw.com | Peter H. Webster (P48783)<br>James A. Martone (P77601)<br>DICKINSON WRIGHT PLLC<br>Attorneys for Defendant<br>2600 W. Big Beaver Rd, Ste. 300<br>Troy, MI 48084<br>(248) 433-7200<br>pwebster@dickinsonwright.com<br>jmartone@dickinsonwright.com |

### PLAINTIFF'S MOTION TO COMPEL ANSWERS TO FIRST INTERROGATORIES AND RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, A&W X-Press, Inc., through its counsel, Giarmarco, Mullins & Horton, P.C., states the following in support of its Motion:

1. Pursuant to E.D. Mich LR 7.1(a), the undersigned communicated with defense counsel (Jamie Martone) via telephone on 3/28/22, and via email on 4/01/22, and explained the nature of the relief to be sought in the instant Motion. More

than three (3) days have passed since that time, and brother counsel has yet to concur with the relief requested herein; therefore, this Motion is ripe for adjudication under the Court's Motion Practice Guidelines.

2. Pursuant to Federal Rules of Civil Procedure 26, 33, 34 and 37, Plaintiff respectfully requests that the Court order Defendant to produce the following discovery forthwith:

   a. Any/All documents referenced in Defendant's Responses to Plaintiff's Request for Production of Documents; and

   b. Full and complete Answers to Interrogatory Nos. 5, 7 and 9.

3. Defendant has refused to produce the requested discovery despite numerous requests for same by the undersigned.[1]

4. Defendant's failure to cooperate in discovery has prejudiced Plaintiff's ability to prosecute this case.

5. Accordingly, this Court should enter an Order requiring Defendant to produce the requested discovery.

6. I, Geoffrey S. Wagner, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnote); at least one-inch margins on the top, sides and bottom; consecutive page

---

[1] The parties recently agreed on a Protective Order, which will be filed with the Court in short order. Nonetheless, discovery closes on 4/29/22, and Defendant has yet to produce a single document to Plaintiff.

numbering; and type size of all footnotes that is no smaller than 10.5 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. LR 7.1(d)(3). In further support of this Motion, Plaintiff relies on the attached Brief in Support.

>**GIARMARCO, MULLINS & HORTON, P.C.**
>*/s/ Geoffrey S. Wagner*
>Ryan Lee Perry (P55545)
>Geoffrey S. Wagner (P70839)
>Attorneys for Plaintiff
>101 West Big Beaver Road, 10th Floor
>Troy, MI 48084
>(248) 457-7000
>rperry@gmhlaw.com
>gwagner@gmhlaw.com

Dated: April 13, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**A&W X-PRESS, INC.**,
a Michigan corporation,

   Plaintiff,

vs.

**FCA US, LLC,**
a foreign limited liability company,

   Defendant.

Case No. 21-cv-12209

Hon. George Caram Steeh

| | |
|---|---|
| Ryan Lee Perry (P55545) <br> Geoffrey S. Wagner (P70839) <br> GIARMARCO, MULLINS & HORTON, P.C. <br> Attorneys for Plaintiff <br> Tenth Floor Columbia Center <br> 101 W. Big Beaver Rd. <br> Troy, MI 48084-5280 <br> (248) 457-7000 <br> rperry@gmhlaw.com <br> gwagner@gmhlaw.com | Peter H. Webster (P48783) <br> James A. Martone (P77601) <br> DICKINSON WRIGHT PLLC <br> Attorneys for Defendant <br> 2600 W. Big Beaver Rd, Ste. 300 <br> Troy, MI 48084 <br> (248) 433-7200 <br> pwebster@dickinsonwright.com <br> jmartone@dickinsonwright.com |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL ANSWERS TO FIRST INTERROGATORIES AND RESPONSES TO <u>FIRST REQUEST FOR PRODUCTION OF DOCUMENTS</u>**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................. ii

STATEMENT OF THE ISSUE PRESENTED ............................................................ iii

      I.      S<small>HOULD THE</small> C<small>OURT ENTER AN</small> O<small>RDER COMPELLING</small> D<small>EFENDANTS TO FULLY RESPOND TO</small> P<small>LAINTIFF'S DISCOVERY REQUESTS?</small>

MOST CONTROLLING AUTHORITY ..................................................................... iv

LAW AND ARGUMENT ........................................................................................ 1

      I.      P<small>LAINTIFF</small> R<small>EQUESTS</small> A<small>N</small> O<small>RDER</small> C<small>OMPELLING</small> D<small>EFENDANT</small> T<small>O</small> P<small>RODUCE</small> T<small>HE</small> R<small>EQUESTED</small> D<small>ISCOVERY</small> ............ 1

CONCLUSION & RELIEF REQUESTED ................................................................. 4

RULE 37 CERTIFICATION ................................................................................... 5

CERTIFICATE OF ELECTRONIC SERVICE ............................................................. 5

# INDEX OF AUTHORITIES

**Cases**

*Dorsey v. City of Detroit*, 858 F.2d 338 (6th Cir.1988) .............................................................. 3

*Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947) ................................. 3

*Lewis v ACB Bus. Servs., Inc.,* 135 F.3d 389 (6th Cir. 1998) ............................................... iv, 3

*Mellon v. Cooper–Jarrett, Inc.*, 424 F.2d 499 (6th Cir.1970). ................................................. 3

*ZA Group, Inc. v. United States*, 2009 U.S. Dist. LEXIS 90410 (E.D. Mich. Sept. 30, 2009) ................................................................................................................ 4

**Rules**

Fed. R. Civ. P. 26 ............................................................................................................... iv, 3

Fed. R. Civ. P. 26(b)(1); ........................................................................................................ 3

Fed. R. Civ. P. 33 .................................................................................................................. 1

Fed. R. Civ. P. 34 .................................................................................................................. 1

Fed. R. Civ. P. 37 ............................................................................................................ iv, 4

Fed. R. Civ. P. 37(a)(5) ......................................................................................................... 4

# STATEMENT OF THE ISSUE PRESENTED

I. SHOULD THE COURT ENTER AN ORDER COMPELLING DEFENDANT TO FULLY RESPOND TO PLAINTIFF'S DISCOVERY REQUESTS?

Plaintiff answers, "**YES**."

Defendant answers, "**NO**."

This Court should answer, "**YES**."

# MOST CONTROLLING AUTHORITY

- Fed. R. Civ. P. 26 (The Federal Rules allow broad discovery in initial litigation)

- Fed. R. Civ. P. 37(stating that the Court shall award costs and attorney fees as a result of Defendant's failure to respond to discovery and authorizing the court to enter an order compelling discovery).

- *Lewis v ACB Bus. Servs., Inc.,* 135 F.3d 389, 402 (6th Cir. 1998) (holding that Fed. R. Civ. P. 26 allows broad discovery in civil litigation, including "any nonprivileged matter that is relevant to any party's claim or defense").

# LAW AND ARGUMENT

I. **PLAINTIFF REQUESTS AN ORDER COMPELLING DEFENDANT TO PRODUCE THE REQUESTED DISCOVERY.**

On January 21, 2022, Plaintiff served Defendant with Interrogatories and Requests for Documents in accordance with Fed. R. Civ. P. 33 and 34. Defendant responded on March 7, 2022; however, it failed to: (a) provide any of the documents referenced therein; or (b) answer several of the questions posed by Plaintiff's Counsel.[2]

On March 22, 2022, Plaintiff's Counsel sent Defendant's counsel a deficiency letter with respect to the aforementioned discovery requests.[3] In the email, Attorney Wagner asked brother counsel to supplement the following deficiencies:

- Interrogatory No. 5 – The response does not identify when FCA first communicated with Dunn & Mavis. Please clarify.

- Interrogatory No. 7 - The Property's "fair market value" is the subject of one of the pending claims in this case; therefore, the "relevancy" objection is misguided, and this question should be answered forthwith.

- Interrogatory No. 9 – There is no good reason for FCA to withhold the names of agents/employees/etc. involved with the purchase/development of the Property; those individuals are all potential witnesses in this case. Please clarify/respond.

---

[2] *See* **Exhibit A**, FCA's Answers to Interrogatories and Request to Produce.
[3] *See* **Exhibit B**, 3/22/22 Email from G. Wagner to J. Martone and P. Webster.

- RTP No. 1 – I do not understand your privilege objection. Furthermore, a standard protective order would, presumably, address any issues re: documents that are confidential and/or proprietary. Please advise.

- RTP No. 3 – If FCA has policies/guidelines/etc. that relate to the renewal of leases, those documents are, in my view, well within the permissible scope of discovery. Please supplement this response.

- RTP No. 6 – There is no plausible objection to our request for communications/correspondence between FCA and Dunn & Mavis. Please supplement this response.

- RTP No. 12 – There is, likewise, no plausible objection to our request for communications/correspondence between the parties. Please supplement this response.

- RTP No. 13 – Internal communications between FCA's agents/employees concerning the Subject Property are, without question, discoverable. Please supplement this response.

- RTP No. 14 – Communications between FCA and non-parties regarding the subject Property are, likewise, germane. Please supplement this response.

- RTP No. 15 – If FCA maintains a "file" for the Subject Property, then any/all non-privileged documents therein should be produced. To the

extent that attorney-client privilege is being asserted, then we request a

standard privilege log.

Although the parties recently agreed on the language of the Protective Order, to date none of the responsive documents have been produced.[4]

Federal Rule of Civil Procedure 26 allows broad discovery in civil litigation, including "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir.1998). The scope of discovery under this Rule is "broader than that permitted at trial. The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Mellon v. Cooper–Jarrett, Inc.*, 424 F.2d 499, 501 (6th Cir.1970). Even though all material obtained through discovery may not be offered or admitted at trial, "[m]utual knowledge of all the relevant facts ... is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507–08, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Discovery may be informal—by means of private investigation, witness interviews, and so forth—or it may follow the formal methods prescribed by the Federal Rules. See *Dorsey v. City of Detroit*, 858 F.2d 338, 341–42 (6th Cir.1988). The items set forth in the 3/22/22 deficiency Email fall within the wide/ample purview of Rule 26; therefore, they should

---

[4] The parties had a productive Meet-and-Confer conference on 3/28/22, during which Defendant's counsel agreed to supplement some, but not all, of the alleged deficiencies. In light of brother counsel's refusal to stipulate to an extension of the current Scheduling Order dates (discovery cutoff of 4/29/22), Plaintiff was left with no choice but to file the instant motion.

3

be provided by FCA forthwith.

Fed. R. Civ. P. 37 authorizes this Court to compel Defendant to provide Plaintiffs with complete responses to all outstanding discovery/disclosures. In addition, Fed. R. Civ. P. 37(a)(5) provides that:

> If the motion [to compel] is granted-- or if the disclosure or requested discovery is provided after the motion was filed-- the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to *pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.*

*ZA Group, Inc. v. United States*, 2009 U.S. Dist. LEXIS 90410 (E.D. Mich. Sept. 30, 2009)(citing Fed. R. Civ. P. 37(a)(5)).

In sum, due to Defendant's continued refusal to respond to discovery, Plaintiffs request an Order requiring Defendant to produce complete interrogatory responses and the requested documents within seven (7) days. Plaintiff also requests an Order awarding it the costs and attorney's fees incurred as a result of Defendant's ongoing refusal to cooperate with discovery.

## CONCLUSION & RELIEF REQUESTED

For these reasons, Plaintiff's Motion should be granted, and this Court should enter an Order requiring Defendant to produce the requested discovery.

**GIARMARCO, MULLINS & HORTON, P.C.**
*/s/ Geoffrey S. Wagner*
Ryan Lee Perry (P55545)
Geoffrey S. Wagner (P70839)

Attorneys for Plaintiff
101 West Big Beaver Road, 10th Floor
Troy, MI 48084
(248) 457-7000
rperry@gmhlaw.com
gwagner@gmhlaw.com

Dated: April 13, 2022

## RULE 37 CERTIFICATION

I hereby certify that I conferred with Jamie Martone, counsel for Defendant, via electronic mail on: April 1, 2022 and April 6, 2022. I previously spoke with brother counsel on March 28, 2022 and advised him that Plaintiff would have no choice but to file a motion if Defendant refused to produce the requested discovery in a timely fashion. Accordingly, the parties are unable to agree on a resolution as to the issues raised herein.

**GIARMARCO, MULLINS & HORTON, P.C.**
*/s/ Geoffrey S. Wagner*
Ryan Lee Perry (P55545)
Geoffrey S. Wagner (P70839)
Attorneys for Plaintiff
101 West Big Beaver Road, 10th Floor
Troy, MI 48084
(248) 457-7000
rperry@gmhlaw.com
gwagner@gmhlaw.com

Dated: April 13, 2022

## CERTIFICATE OF ELECTRONIC SERVICE

GEOFFREY S. WAGNER states that on April 13, 2022, he did serve a copy of

Plaintiff's Motion to Compel Answers to First Interrogatories and Responses to First Request for Production of Documents and Brief in Support of Motion, via the United States District Court electronic transmission.

**GIARMARCO, MULLINS & HORTON, P.C.**
*/s/ Geoffrey S. Wagner*
Geoffrey S. Wagner (P70839)
gwagner@gmhlaw.com

Dated: April 13, 2022