UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A&W X-PRESS, INC.,

    Plaintiff,

v.

FCA US, LLC,

    Defendant.

Case No. 2:21-cv-12209
District Judge George Caram Steeh
Magistrate Judge Kimberly G. Altman

_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR ORDER TO SHOW CAUSE (ECF No. 61)**[1]

I.    Introduction

This is a commercial dispute. Plaintiff A&W X-Press, Inc. (A&W) is suing Defendant FCA US, LLC (FCA) seeking specific performance and declaratory relief relating to the renewal of a lease on commercial property owned by FCA and leased to A&W. *See* ECF No. 1. FCA says that A&W failed to comply with the "Option to Renew" provision in the lease and is seeking to evict A&W in a parallel state court proceeding. According to the complaint, "[t]he central issues in this case are: (a) whether the parties' Lease Agreement has been extended for another

---

[1] Upon review of the parties' papers, the undersigned deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

1

5-year term (i.e., through 9/30/26); and (b) what the 'fair market [rental] rate' for the Subject Property is." (*Id.*, PageID.5). This matter was referred to the undersigned for all non-dispositive motions under 28 U.S.C. § 636(b)(1)(A). (ECF No. 32).

Before the Court is FCA's motion for an order requiring three nonparties—AHS Transportation, Inc. (AHS), Hassan Aljumaili (Aljumaili), and Aljumaili Trucking, LLC (Aljumaili Trucking)—to show cause why they should not be found in contempt of court for failing to comply with subpoenas issued by FCA. (ECF No. 61). None of the nonparties have filed a response and the time for doing so has passed. The undersigned confirmed during a December 2, 2022 telephone conference that no response had been filed or production made.

For the reasons that follow, the undersigned RECOMMENDS that FCA's motion be GRANTED.

II. Certified Facts

A. Standard

In a case such as this one—where a magistrate judge has been referred pretrial matters, but the parties have not consented—a magistrate judge must proceed under 28 U.S.C. § 636(e)(6)(B). *See Faison v. State Farm Fire & Cas. Co.*, No. 13-CV-15014, 2015 WL 4274882, at *1 (E.D. Mich. June 18, 2015), *report and recommendation adopted*, 2015 WL 4274887 (E.D. Mich. July 14,

2015). The statute states that when an "act constitutes a civil contempt,"

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii).

### B. Application

The undersigned certifies the following facts:

1) FCA issued subpoenas to AHS, Aljumaili, and Aljumaili Trucking to determine to what extent these nonparties used the property at dispute in this case.

2) On August 8, 2022, FCA issued a subpoena to AHS in which it requested the production of documents. (ECF No. 61-2, PageID.1900). The documents were to be produced on August 23, 2022, at 10 a.m. (*Id.*).

3) On September 1, 2022, defense counsel, Patrick J. Masterson (Mr. Masterson), discussed the August 8, 2022 subpoena with Aljumaili telephonically, and also sent Aljumaili an email memorializing the conversation and attaching a copy of the August 8, 2022 subpoena. (ECF No. 61-3, PageID.1906).

3

4) Mr. Masterson emailed Aljumaili again on September 12, 2022, requesting the production of the subpoenaed documents by September 14, 2022. (*Id*.).

5) On September 22, 2022, FCA mailed AHS a subpoena to appear at a deposition and also emailed a copy of the subpoena to Aljumaili. (ECF No 61-4, PageID.1908-1914). The deposition was scheduled for October 3, 2022, at 9:30 a.m. (*Id*., PageID.1910).

6) On September 26, 2022, FCA issued a new subpoena to AHS in which it requested the production of documents. (ECF No. 61-6, PageID.1918). The documents were to be produced on October 3, 2022, at 10 a.m. (*Id*.).

7) On September 30, 2022, FCA issued a subpoena to Aljumaili in which it requested the production of documents. (ECF No. 61-7, PageID.1924). The documents were to be produced on October 4, 2022, at 10 a.m. (*Id*.).

8) Also on September 30, 2022, FCA issued a subpoena to Aljumaili Trucking in which it requested the production of documents. (ECF No. 61-8, PageID.1930). The documents were to be produced on October 4, 2022, at 10 a.m. (*Id*.).

9) On October 2, 2022, Devin Ostrowski, a process server, personally served Aljumaili with both the September 30, 2022 subpoena directed at him, (ECF No. 61-9, PageID.1936), and the September 30, 2022 subpoena directed at Aljumaili Trucking, (ECF No. 61-10, PageID.1939).

10) Aljumaili is the resident agent of Aljumaili Trucking according to the Corporations Online Filing System maintained by the Michigan Department of Licensing and Regulatory Affairs.

11) Greg Wandzel (Wandzel), a process server, attempted to personally serve the September 26, 2022 subpoena directed at AHS on three occasions: (1) Monday, September 26, 2022, at 12:59 p.m.; (2) Monday, September 26, 2022, at 4:14 p.m.; and (3) Tuesday, September 27, 2022, at 10:10 a.m. (ECF No. 61-11, PageID.1942). On his first attempt, the front door of the house was open. (*Id.*). On his second attempt, someone was inside of the house. (*Id.*).

12) Wandzel swore in an affidavit that he believed AHS was "evading service of process." (*Id.*).

### III. Discussion

#### A. Standard

Under Fed. R. Civ. P. 45(g), "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." While the power to hold an individual in contempt "should not be used lightly," "the Supreme Court has stated that this power 'is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed

on them by law.' " *Elec. Workers Pension Trust Fund of Local Union # 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003) (quoting *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 450 (1911)).

"The movant in a civil contempt proceeding bears the burden of proving by clear and convincing evidence that the respondent 'violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.' " *Liberte Cap. Grp., LLC v. Capwill*, 462 F.3d 543, 550 (quoting *Glover v. Johnson*, 934 F.2d 703, 707 (6th Cir. 1991)). "Once the movant establishes his prima facie case, the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is *presently* unable to comply with the court's order." *Gary's Elec. Serv. Co.*, 340 F.3d at 379 (emphasis in original). "To meet this production burden in this circuit 'a defendant must show categorically and in detail why he or she is unable to comply with the court's order.' " *Id*. (quoting *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996)).

B.  Application

The certified facts outlined in the previous section of this Report and Recommendation support a finding that FCA has met its burden of proving civil contempt by AHS, Aljumaili, and Aljumaili Trucking.

FCA properly served multiple subpoenas on AHS, Aljumaili, and Aljumaili

6

Trucking. It even personally served the most recent subpoenas on Aljumaili and Aljumaili Trucking and attempted to personally serve AHS but was unable to do so despite multiple attempts by the process server. Moreover, Mr. Masterson spoke to Aljumaili telephonically on at least one occasion and also sent him multiple emails regarding the documents requested by FCA. Despite FCA's extensive efforts to obtain the documents it has subpoenaed from AHS, Aljumaili, and Aljumaili Trucking before filing the instant motion, it has been unsuccessful.

After reviewing the subpoenas, the undersigned has determined that none of them were ambiguous. She also notes that none of the subpoenaed nonparties have filed objections or moved to quash the subpoenas even though the subpoenas were all served with a page printed with the text of Federal Rule of Civil Procedure 45(c)(3), which instructs an individual on how to move to quash or modify a subpoena. Accordingly, the undersigned recommends that FCA's motion for a show cause order be granted.

## IV. Conclusion

For the reasons stated above, the undersigned RECOMMENDS that FCA's motion for an order requiring AHS, Aljumaili, and Aljumaili Trucking to show cause why they should not be found in contempt of court for failing to comply with subpoenas issued by FCA, (ECF No. 61), be GRANTED as follows:

1) AHS, Aljumaili, and Aljumaili Trucking should be ordered to appear before the Honorable George Caram Steeh on a date certain to show cause why they should not be held in civil contempt for failing to comply with FCA's subpoenas;

2) Unless AHS, Aljumaili, and Aljumaili Trucking satisfactorily show cause as to why they have not fully complied with FCA's subpoenas, they should be held in civil contempt of court by Judge Steeh; and

3) AHS, Aljumaili, and Aljumaili Trucking should be ordered to purge themselves of the contempt by fully complying with the subpoenas.

Dated: December 2, 2022  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

### NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 2, 2022.

s/Carolyn Ciesla<br>
CAROLYN CIESLA<br>
Case Manager