UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A&W X-PRESS, INC.,

  Plaintiff,       Case No. 2:21-cv-12209
            District Judge George Caram Steeh
v.           Magistrate Judge Kimberly G. Altman

FCA US, LLC,

  Defendant.

_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR ORDER TO SHOW CAUSE (ECF No. 101)[1]

    I.   Introduction

  This is a commercial dispute.  Plaintiff A&W X-Press, Inc. (A&W) is suing

Defendant FCA US, LLC (FCA) seeking specific performance and declaratory

relief relating to the renewal of a lease on commercial property owned by FCA and

leased to A&W.  *See* ECF No. 1.  FCA says that A&W failed to comply with the

"Option to Renew" provision in the lease and is seeking to evict A&W in a parallel

state court proceeding.  According to the complaint, "[t]he central issues in this

case are: (a) whether the parties' Lease Agreement has been extended for another

_____

[1] Upon review of the motion, the undersigned deems this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

5-year term (i.e., through 9/30/26); and (b) what the 'fair market [rental] rate' for the Subject Property is."  (*Id*., PageID.5).

Before the Court is FCA's motion for an order requiring nonparty MGM Transportation, LLC (MGM) to show cause why it should not be found in contempt of court for failing to comply with a subpoena issued by FCA.  (ECF No. 101).  This motion was referred to the undersigned.  (ECF No. 102).  MGM has not filed a response and the time for doing so has passed.

For the reasons that follow, the undersigned RECOMMENDS that FCA's motion be GRANTED.

## II.    Certified Facts

### A.    Standard

Under 28 U.S.C. § 636(e)(6)(B), a magistrate judge referred a motion for order to show cause must proceed by Report and Recommendation.  *See Faison v. State Farm Fire & Cas. Co*., No. 13-CV-15014, 2015 WL 4274882, at *1 (E.D. Mich. June 18, 2015), *report and recommendation adopted*, 2015 WL 4274887 (E.D. Mich. July 14, 2015).  That statute provides that when an "act constitutes a civil contempt,"

the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.  The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii).

## B.    Application

The undersigned certifies the following facts:

1) FCA subpoenaed MGM for the production of documents in order to determine to what extent it used the property at dispute in this case.

2) On September 22, 2022, FCA issued a subpoena to MGM commanding the production of documents.  (ECF No. 101-2).  The documents were to be produced by October 3, 2022, at 10 a.m.  (*Id*., PageID.5517).

3) The subpoena stated that MGM was to produce "[a]ll documents, communications, electronically stored information, emails, texts, or other electronic communications sent or received regarding this matter and the following:

   a.  MGM Transportation LLC's use (including, but not limited to, any sublease, right-of-entry, storage, parking, licenses, daily or overnight usage) of the Property, in any way from January 1, 2018 to the

3

present;

    b.  Contracts between MGM Transportation LLC and A&W X-Press, Inc. or Ray's Transport, Inc. in effect from January 1, 2018 to the present;

    c.  Payments made to or from A&W X-Press, Inc., Ray's Transport, Inc., Ray Almoosawi, or any other person or entity located at the Property from January 1, 2018 to the present (including but not limited to documents and records concerning payments made using a debit or credit card while at the Property);

    d.  Dispatch, maintenance, repair, storage and/or safety records to or from A&W X-Press, Inc., Ray's Transport, Inc., or any other person or entity located at the Property from January 1, 2018 to the present."

(*Id*., PageID.5521).

4) On October 4, 2022, one day after the documents were supposed to be produced, Michelle Milenkovic (Milenkovic) sent a letter to FCA on MGM letterhead.  (ECF No. 101-3).  The letter provided: "MGM has reviewed its records and has not located materials responsive to the subpoena requested. There are no records of any transactions between Ray's Transport, Inc., or A&W X-Press, Inc. from January 1, 2018 to present."  (*Id*., PageID.5523).

5) On April 18, 2023, counsel for FCA, Patrick J. Masterson (Masterson), emailed and mailed a letter to Milenkovic.  (ECF No. 101-5).  In the letter

4

Masterson detailed his conversations with Milenkovic and another individual (Dave) affiliated with MGM.[2]  (*Id*., PageID.5678).  The contents of the letter, (ECF No 105-5,Page ID.5678-5680), are outlined below:

   a.  Masterson explained that FCA subpoenaed MGM because "its trucks were photographed on the [p]roperty."  (*Id*.).

   b.  After the subpoena was issued on September 22, 2022, Masterson and Milenkovic discussed the requested documents over the course of multiple telephone conversations.  (*Id*.).

   c.  Masterson noted that he contacted an individual named Dave for whom Milenkovic provided contact information in her October 4, 2022 letter.  (*Id*.).

   d.  In early October 2022, Masterson spoke to Dave who "expressly stated that MGM does not pay for storing its trucks and/or trailers on the [p]roperty nor does MGM receive any repair work on the Property.  Instead, Dave stated that MGM's presence on the [p]roperty is reflective of the friendship between himself and Ray Almoosawi, who currently occupies and controls the [p]roperty."  (*Id*.).

   e.  Masterson went on to explain that FCA had recently learned through

---

[2] Dave was identified as Dave Milenkovic in FCA's motion papers.  *See* ECF No. 101, PageID.5505.  Because he shares a last name with Michelle Milenkovic, the undersigned will refer to him as Dave and her as Milenkovic.

third-party discovery that "MGM's responses [were] grossly deficient." (*Id*.). "Specifically, FCA ha[d] obtained the banking records of Quality Truck & Trailer, Inc., an entity operating on the [p]roperty that Ray Almoosawi controls. These records show that MGM issued hundreds of checks to Quality Truck & Trailer, Inc. for repair and storage services on the [p]roperty." (*Id*.).

    i. Masterson noted that Milenkovic "personally signed most if not all of the checks MGM issued." (*Id*., PageID.5678-5679). He also provided her with "[a] sampling of the checks . . . which reflect[ed] the checks issued from August 27, 2021 through February 8, 2023." (*Id*. (referencing ECF No. 101-5, PageID.5690-5723)).

f. Masterson explained that the checks should have been produced in response to the September 22, 2022 subpoena and that their "responsiveness . . . cannot be questioned." (ECF No. 101-5, PageID.5679).

    i. Masterson noted that on October 3, 2022, one day before Milenkovic dated her letter, Milenkovic issued a check in the amount of $1,125 to "Quality Truck & Trailer." (*Id*. (referencing ECF No. 101-5, PageID.5716)). A check for the

6

same amount was issued on July 22, 2022, and that check has

the word "RENT" written on the memo line.  (ECF No. 101-5,

PageID.5680 (referencing ECF No. 101-5, PageID.5711)).

    1.  The July 22, 2022 check, along with many others, lists

       22077 Mound in Warren, MI 48094 as the address for

       "Quality Truck & Trailer."  *See, e.g.*, ECF No. 101-5,

       PageID.5711).  This is the address for the property in

       dispute.

g.  Masterson stated that FCA incurred prejudice "due to MGM's failure

to comply with the subpoena" and that MGM's representations and

actions was "indicative of an intentional effort to withhold critical

information and undermine this judicial proceeding."  (ECF No. 101-

5, PageID.5679).

h.  In closing, Masterson expressed that if FCA did not "receive a full

and complete production by Friday, April 21, 2023," then FCA would

file a motion in this Court for contempt.  (*Id*.).

6) On June 14, 2023, FCA filed the instant motion.  (ECF No. 101).  Notably,

FCA's counsel, Peter Webster (Webster) represents that Dave called him on

April 24, 2023, to discuss the April 18, 2023 letter and the September 22,

2022 subpoena.  (*Id*., PageID.5507).  "[Dave] stated that because the present

proceeding does not involve MGM, FCA should obtain the documents from Quality Truck & Trailer, Inc., not MGM." (*Id.*). Dave also "requested that FCA cease contact with MGM until MGM had retained counsel regarding this matter[;]" however, FCA has yet to be contacted by an attorney representing MGM. (*Id.*).

7) FCA's exhibit C to the instant motion is 153 pages long and includes scans of almost 150 checks made out to "Quality Truck [&] Trailer" that appear to all be signed by Milenkovic. (ECF No. 101-4, PageID.5529-5676). "MGM TRANSPORTATION LLC" or "MGM Transportation LLC" is preprinted in the information block in the upper left-hand corner of the checks. (*Id.*). The checks are dated for a period beginning on December 19, 2017, and ending on February 8, 2023. (*Id.*, PageID.5525-5528). The checks show that MGM paid $124,557.47 to Quality Truck & Trailer, Inc. over the relevant period. (*Id.*, PageID.5528).

8) To date, MGM has not responded to either the subpoena or the instant motion, and the time for doing so has passed.

### III.    Discussion

### A.    Standard

Under Fed. R. Civ. P. 45(g), "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without

adequate excuse to obey the subpoena or an order related to it." While the power to hold an individual in contempt "should not be used lightly," "the Supreme Court has stated that this power 'is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law.' " *Elec. Workers Pension Trust Fund of Local Union # 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003) (quoting *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 450 (1911)).

"The movant in a civil contempt proceeding bears the burden of proving by clear and convincing evidence that the respondent 'violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.' " *Liberte Cap. Grp., LLC v. Capwill*, 462 F.3d 543, 550 (quoting *Glover v. Johnson*, 934 F.2d 703, 707 (6th Cir. 1991)). "Once the movant establishes his prima facie case, the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is *presently* unable to comply with the court's order." *Gary's Elec. Serv. Co.*, 340 F.3d at 379 (emphasis in original). "To meet this production burden in this circuit 'a defendant must show categorically and in detail why he or she is unable to comply with the court's order.' " *Id*. (quoting *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996)).

B.    Application

The certified facts outlined in the previous section of this Report and

Recommendation support a finding that FCA has met its burden of proving civil

contempt by MGM.

FCA properly served a subpoena on MGM.  Counsel for FCA has spoken to

both Milenkovic and Dave on multiple occasions about the subpoena,

demonstrating that MGM was aware of the subpoena and knew what documents it

had been requested to produce.  Additionally, after reviewing the subpoena, the

undersigned has determined that it was not ambiguous.  It is further noted that

MGM has not filed objections to or moved to quash the subpoena, even though the

subpoena was served with a page printed with the text of Federal Rule of Civil

Procedure 45(c)(3), which explains how to move to quash or modify a subpoena.

(ECF No. 101-2, PageID.5519).

As outlined in Masterson's April 18, 2023 letter and shown in FCA's

Exhibit C to the instant motion, MGM has issued approximately 150 checks to

Quality Truck & Trailer, Inc.  These checks were signed by Milenkovic and many

list the physical address of the property in dispute.  There are also checks with the

word "RENT" listed on the memo line and checks referencing invoice numbers.

This evidence shows that MGM paid over a hundred thousand dollars to Quality

Truck & Trailer, Inc. over the course of the last six years.

10

When confronted with this evidence, Dave continued to refuse to comply with the subpoena, stating that MGM was not a party to this lawsuit.  Instead of obtaining counsel and properly challenging the subpoena, MGM continued to do nothing.  MGM's refusal to comply with the subpoena coupled with its failure to properly challenge the subpoena in this Court is unreasonable and constitutes conduct punishable by contempt.  *See Nithyananda Dhanapeetam of Columbus v. Rao*, No. 14-mc-51228, 2015 WL 13742739, at \*3 (E.D. Mich. Sept. 8, 2015) ("Pursuant to Federal Rule of Civil Procedure 45(g), failure to obey a subpoena without adequate excuse is conduct punishable by contempt[.]"), *report and recommendation adopted*, No. 14-cv-51228, 2016 WL 1637559 (E.D. Mich. Apr. 26, 2016).  Accordingly, the undersigned recommends that FCA's motion for a show cause order be granted.

## IV.    Conclusion

For the reasons stated above, the undersigned RECOMMENDS that FCA's motion for an order requiring MGM to show cause why it should not be found in contempt of court for failing to comply with the subpoena issued by FCA, (ECF No. 101), be GRANTED as follows:

1) MGM should be ordered to appear before the Honorable George Caram Steeh on a date certain to show cause why it should not be held in civil contempt for failing to comply with FCA's subpoena;

2) Unless MGM satisfactorily shows cause as to why it has not fully complied with FCA's subpoena, it should be held in civil contempt of court by Judge Steeh; and

3) MGM should be ordered to purge itself of the contempt by fully complying with the September 22, 2022 subpoena.

Dated: July 6, 2023                     s/Kimberly G. Altman
Detroit, Michigan                       KIMBERLY G. ALTMAN
                                        United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

12

etc.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR

72.1(d).  The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," etc.  If the court determines that any objections are without

merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 6, 2023.

s/Carolyn Ciesla
CAROLYN CIESLA
Case Manager