UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A & W X-PRESS, INC.,

    Plaintiff,

  v.

FCA US, LLC,

    Defendant.
_____/

Case No. 21-12209

Hon. George Caram Steeh

ORDER DENYING DEFENDANT'S MOTION
FOR ATTORNEY'S FEES (ECF NO. 115)

Before the court is Defendant FCA US, LLC's motion for attorney's fees, brought pursuant to Federal Rule of Civil Procedure 54(d)(2) and the court's inherent authority. The court granted Defendant's motion for summary judgment and motion for sanctions on September 19, 2023, and entered judgment in favor of Defendant. Although Plaintiff has appealed, this court retains jurisdiction to decide issues collateral to the judgment, such as attorney's fees. *See AAA Venetian Blind Sales, Inc. v. Beaulieu of Am., Inc.*, 124 F.3d 196 (6th Cir. 1997) (table) ("Although a timely notice of appeal divests a district court of jurisdiction over a case, it does not divest a district court of jurisdiction over matters collateral to the main cause of action.").

With respect to the motion for sanctions, the court found that "A & W has not been forthright about its corporate existence and operations from the outset of this litigation." ECF No. 113. A & W represented itself to be an operating business, but it was an insolvent shell. "By misrepresenting A & W as an operating business, A & W has prolonged this litigation and [Ray] Almoosawi has benefited from the delay by remaining on the property to operate his other businesses, which are not parties to the lease. The court finds that A & W and Almoosawi, as its sole representative, have acted in bad faith and that their conduct has adversely impacted the entire litigation. The prejudice to FCA, which has incurred the expense of ferreting out the truth, is clear." *Id.*

Defendant sought sanctions pursuant to Rule 56(b), for the filing of false or misleading affidavits, as well as the court's inherent authority. The court granted Defendant's motion. Recognizing that Plaintiff's conduct permeated the entire litigation, and was not limited to the affidavits at issue, the court relied upon its inherent authority in sanctioning A & W and Almoosawi. ECF No. 113 at PageID 5816-19.

After the judgment was entered, Defendant filed the instant motion for attorney's fees pursuant to Rule 54(d)(2) and the court's inherent authority, arguing that Defendant uncovered additional bad faith conduct that

warrants the imposition of further monetary sanctions. Specifically, Defendant obtained bank records which demonstrate that A & W subleased the property to Quality Truck and Trailer, contrary to the testimony of Almoosawi and A & W's discovery responses. Defendant argues that A & W and Almoosawi's concealment of Quality Truck and Trailer's subleasing and repair records warrants additional sanctions.

Defendant was largely aware of this conduct at the time their motions for summary judgment and for sanctions were briefed. ECF No. 89 at PageID 3263-64, 3293-94 (noting that although Almoosawi denied it, third-party discovery showed that Quality Truck did maintain a bank account); ECF No. 99-6 (Quality Truck bank records); ECF No. 100 at PageID 5011-12. Defendant chose not to specifically address this misconduct in their motion for sanctions, which focused on the affidavits submitted in response to its first motion for summary judgment.

The court, however, recognized that A & W and Almoosawi conducted this litigation in bad faith, and that their misconduct was not limited to the affidavits. ECF No. 113 at PageID 5817 ("The court finds that A & W and Almoosawi, as its sole representative, have acted in bad faith and that their conduct has adversely impacted the entire litigation."). The court further noted that although an argument could be made that

Defendant was entitled to more fees, it fashioned a conservative request of approximately $50,000, which the court granted.

Defendant now essentially attempts to relitigate the issue, seeking additional monetary sanctions for the same conduct or for conduct for which it was aware at the time. The court declines to revisit its decision to impose sanctions, which it views as sufficient to deter future misconduct and which granted Defendant the amount it requested. Defendant has not provided a persuasive basis for the court to address the issue of sanctions piecemeal or to reconsider it prior ruling, which already holds A & W and Almoosawi accountable. *See* L.R. 7.1(h).

IT IS HEREBY ORDERED that Defendant's motion for attorney's fees is DENIED.

Dated: January 18, 2024

            s/George Caram Steeh
            HON. GEORGE CARAM STEEH
            UNITED STATES DISTRICT JUDGE